## J. H. Sumption v. W. L. McWhorter.

### Gen. No. 4,372.

1. Question of law—*when, deemed waived.* Where a point of law is not raised in the trial court by the presentation of propositions of law or otherwise, it will not be considered upon appeal.

Distress for rent. Appeal from the Circuit Court of Whiteside County; the Hon. Frank D. Ramsay, Judge, presiding. Heard in this court at the April term, 1904. Reversed and remanded. Opinion filed August 24, 1904.

F. E. Andrews, for appellant.

H. C. Ward, for appellee.

Mr. Presiding Justice Farmer delivered the opinion of the court.

In October, 1901, appellee, by a written contract, let to appellant a farm of 260 acres for one year from March 1, 1902. The agreement between the parties was in writing,

and among other things provided that each party should have a half interest in all cattle, hogs and poultry placed on the farm; that appellant should furnish all horses, harness and tools necessary for working the farm and perform all labor thereon for carrying on the work of the farm. There was also a provision in the written instrument by which appellant obligated himself to account for the butter, eggs, poultry and fruit produced on the farm, each party to have the right to use the milk necessary for family purposes. There were numerous other provisions in the agreement with reference to the duties of the respective parties and what they should furnish, but no provision appears to have been made for a payment of rent such as is usual in farm leases. The agreement appears to have contemplated the furnishing the farm by appellee, one half the stock thereon, half the hay and feed needed on the farm for the stock, and seed for planting, and appellant was to furnish the other half and the teams, implements and labor, and there should be a division of proceeds. The instrument is somewhat crude and indefinite. A disagreement arising between the parties, appellee brought distress for rent, claiming $420.50 due under the lease or agreement. The largest item for which the action was brought was $255.40 "deficit in my share of butter, either retained from me, or that could have been made by the exercise of good husbandry." The balance of the account was made up of items for chickens, eggs, and interest in two head of cattle, loss on hay, keeping two extra horses and destruction of incubator house. A general demurrer was interposed to the distress warrant by appellant and overruled, and pleas filed to the merits. The cause was tried by the court and resulted in a judgment for appellee for $172.92.

Appellant first insists that the contract between the parties was not a lease but was a partnership and that distress for rent would not lie. This point does not appear to have been made in the court below and is therefore not preserved for our consideration by this record. The demurrer to the distress warrant was general, and after being overruled

appellant pleaded to the merits.   No propositions of law were asked on either side.   The question was not raised by the objection to the agreement being received in evidence when offered on the trial, for we take it, being a contract between the parties for the occupancy and cultivation of the farm, it was competent evidence, and such objection did not raise the question as to whether distress for rent would lie.

The court gave appellee judgment against appellant for $172.92.   Appellee's counsel says this amount was all for the item of butter and makes no question of the correctness of the ruling of the court in disallowing all the other items of the account, so that we need notice nothing except the evidence relating to that item.   Appellee's first point in favor of the affirmance of the judgment below, is, that no exceptions to the finding and judgment of the court below are preserved in the bill of exceptions.   After his brief was filed appellant procured an amendment to the bill of exceptions in the court below from minutes and memoranda in the handwriting of the judge, and the amendment by leave of this court was filed in this cause.   It shows exceptions were properly preserved and obviated appellee's objection.

It is agreed by the parties that under the contract or lease each was entitled to one-half the butter made on the premises, and appellee's contention is, first, that appellant made more butter than he accounted for, and secondly, that in the exercise of reasonable care and prudence he could have made more than he accounted for, while appellant contends that he accounted for all the butter made during the term he occupied the premises, and that it was not through any fault of his that no more was made.   No witness, except appellant, pretends to know how much butter was, in fact, made, and no witness testified to having knowledge that any more butter was made than was accounted for.   Appellee presents us in his brief with a statement of the average number of cows milked, the length of time they were milked, the average number of pounds each cow gave every day, the number of pounds of butter that could be produced from each hundred pounds

of milk, and figures that at twenty cents per pound this would produce the exact result obtained on the trial. The trouble about it is that it is not supported by the evidence. The statement places the average number of cows milked at thirteen, while the evidence shows a less number; twelve being the highest number ever milked at one time, and three the lowest. The amount of milk given by each cow is arrived at by the testimony of a detective sent by appellee to appellant's house in the latter part of August or the fore part of September, 1902. The detective testified that he remained there nine days; that they were milking twelve cows at that time, and getting four pails of milk at each milking, and he estimated the pails would hold about two or two and one-half gallons each. He further testified that he had never resided on a farm and had no knowledge of how much butter was, in fact, made or could be made per week from twelve cows. There is proof in the record to the effect that part of the year 1902 butter was worth less than twenty cents per pound; that the season was wet, which affected the pastures so that they did not produce as much milk and butter as good pastures would produce. No allowance was made for this by appellee nor for the milk used by the families of the respective parties, which they had a right to under the agreement.

The evidence in this record being insufficient to sustain a recovery by appellee for butter, and that being admitted to be what the recovery was for, the judgment must be reversed and cause remanded.

*Reversed and remanded.*